IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SCOTT PHILLIP LEWIS,<br>　　　　　Plaintiff,<br>V.<br><br>MICHAEL MESSERE; NBC<br>UNIVERSAL MEDIA, LLC; HANNAH<br>RAPPLEYE; CESAR CONDE; RYAN<br>BARBER,; LUKE COMETTI; WEST<br>GENNESEE CENTRAL SCHOOL<br>DISTRICT; COMCAST<br>CORPORATION,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§　　A-25-CV-1517-ADA-ML<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

**I.    REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. §

1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.   STANDARD OF REVIEW

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield,

for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.     REVIEW OF THE MERITS OF THE CLAIM

In 2019, Plaintiff Scott Phillip Lewis was arrested in Williamson County on the television show LivePD.[1] Dkt. 1 (Compl.) ¶ 12. His shoulder was broken by Williamson County jail staff while in custody. *Id*.

In this suit, Lewis alleges he gave an interview to defendant Hannah Rappleye of NBC News, and the related news story was released in October 2020. *Id*. ¶ 73. However, before releasing the story, Rappleye informed Lewis that the details of his shoulder being broken would not be included due to decisions made by her editor, defendant Cesar Conde. *Id*. ¶ 74. Nonetheless, Lewis consented to being included in the story without those details included. *Id*. ¶ 79. Lewis asserts a defamation claim against defendants NBC, Comcast, Rappleye, and Conde for airing the story without the information about his shoulder injury. *Id*. ¶¶ 104-110. He alleges that by choosing to leave out this information, these defendants "intentionally made misrepresentations" that "skew[ed] the public perception of events" and "allowed individuals to create false narratives for ulterior motives, namely to ruin [his] credibility." *Id*.

Lewis also brings a defamation claim against West Genesee High School, his former high school; Mike Messere, his former high school lacrosse coach; and Ryan Barber and Luke Cometti, his former lacrosse teammates. He alleges they "intentionally misrepresented information about the events, before during and after the televised LivePD arrest." *Id*. ¶ 112. He alleges these

---

[1] The undersigned trusts the District Judge is somewhat familiar with these facts, as he has presided over numerous cases brought by Plaintiff related to his arrest and trial: *Lewis v. Williamson County, Texas*, 1:24-CV-74-ADA; *Lewis v. Williamson County, Texas*, 1:24-CV-118-ADA; *Lewis v. Texas*, 1:24-CV-461-ADA; *Lewis v. Germer Beaman & Brown, PLLC*, 1:25-CV-961-ADA.

"intentional misrepresentations were false narratives for ulterior motives, namely to ruin [his] credibility, in order to pursue their desired personal, professional and political outcomes." *Id*. ¶ 114.

Lewis pleads the court has diversity jurisdiction, but his allegations do not support this. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc*., 319 F.3d 672, 674-675 (5th Cir. 2003); *see generally* 28 U.S.C. § 1332 (setting out the elements required for jurisdiction based on "diversity of citizenship"). Lewis pleads he is a citizen of New York. Compl. ¶ 1. Lewis does not adequately plead the citizenship of Messere (though he states Messere was employed in New York from 1969-2018), NBC, Rappleye, Conde, Barber, Cometti, or Comcast. *Id*. ¶¶ 2-9. As he has not adequately pleaded their citizenship, his allegations do not sufficiently support diversity jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist"). Moreover, Lewis does plead that West Genesee High School is a school district in New York. *Id*. ¶ 7. Accordingly, Lewis's affirmative allegations demonstrate the parties are not entirely diverse and this court lacks diversity jurisdiction. As he has asserted only state-law defamation claims, the court does not have federal question jurisdiction. The undersigned will recommend Lewis's claims be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.     ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt.2).

The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED October 1, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE